PER CURIAM.
Appellants filed petition for certiorari to quash Official Order No. 20-11, said order having been adopted by appellees after due notice and a public hearing held October 15, 16 and 17, 1957. Appellees moved to deny and dismiss the petition on the ground that the order was not subject to appellate review by certiorari and that appellants were not entitled to a hearing as the questions or issues presented were not raised in the administrative proceedings. The motion to dismiss and the petition for certiorari were both denied by the court, from which order the appellants have appealed by certiorari and the appellees filed cross assignments of error directed to the ruling on the motion to dismiss.
This case grew out of the same facts recited in Borden Company v. Odham, Fla., 121 So.2d 625, and will not be restated here. The question of jurisdiction was also determined in the last cited case and will not be further discussed at this time, neither do we discuss the question of whether or not the order was quasi legislative in effect as we do not think that is material in view of the conclusion we have reached.
The first point raised by the appellants is as follows:
“The Florida Milk Commission had no mandatory base fixing power under Chapter 501, Florida Statutes [F.S.A.], to issue Order #20-11 or any other mandatory base fixing order imposing obligations on appellants to take all the milk tendered by their respective producers for a period of a year or indefinitely and pay for such milk at commission fixed prices.”
The second point presented by appellants-will be considered with the first and is as. follows:
“If it is assumed that the legislature-intended by implication to grant mandatory base fixing power in Chapter 501, Florida Statutes [F.S.A.], such grant is invalid, as it would constitute a delegation of power without rules or standards to guide the Commission in the exercise of such power.”
A great many cases have been cited and discussed in support of appellants’ theory as to these points but we do not consider it essential to review them. We say this because the Chancellor considered them *638 at length and came up with what we think is the correct answer in the following portion of his final decree:
“It is accordingly held that there is necessarily inferred power conferred upon the commission to enter the order here under review. The petitioners’ contentions that the language in F.S. § 501.05 necessarily compels that all relationships between producer and distributor must be voluntary do not appear to coincide with other portions of the act giving extensive powers of supervising and regulating the milk industry. To follow their reasoning, the commission, in this phase, may counsel, urge and seek to persuade but may not order. It is clear that the commission may order what is reasonably incidental to prevention of disrupting and demoralizing price manipulation and unfair trade practices.
“Furthermore, I cannot conclude that this inferred power is void as an unlawful delegation because of absence of rules or standards to guide the commission. The act contains many guides in fixing prices, classifying milk and standards to be observed in such fixing of prices.
“The discretion conferred on the commission is not unbridled but must be reasonably incidental to the objects sought to be achieved by the legislation. These are not so vague as to render the inferred power void.
“The petitioners have cited and discussed a number of cases from other jurisdictions in which base fixing orders have been judicially condemned. The respondents have cited cases to the contrary. These cases have been examined and are not deemed to be controlling of the issues- here. The order here, when construed with its limitations as well as its breadth, is clothed with legislative sanction.
“I also do not find that the order transgresses constitutional bounds. An industry affected with a public interest may be reasonably regulated and it is beyond question in this state that the milk industry is so classified. Such regulation may restrain to some extent the liberty of contract or require the assuming of contractual relationships so long as it is reasonably related to the lawful objects of the regulation. No showing is made here that the petitioners are being required to do more than pay prices and maintain relationships with their producers to yield to the latter a reasonable return for their milk operations. No showing is made that there is discrimination in the obligations imposed on both segments. I find no deprivation of property" without due process of law.
“Petitioners contend that this order creates monopolistic privileges on present producers to the injury of petitioners and new producers. I find nothing in the order to prohibit the distributor from taking on any producer, old or new, it wishes to and to grant such producer an earned base during the price fixing period. Both new and old producers would earn bases and be paid accordingly. I do not see how this hurts the distributor as he pays on the basis of use if puts to its milk. Whether it is a new or old producer whom it pays would make no difference to the distributor.”
Appellants’ third point is as follows :
“The action of the Commission in adopting order # 20-11 constitutes a violation of due process of law because :
“(1) The Commission has no rules of practice and procedure
“(2) There was no sufficient hearing or record for the order
*639 “(3) There are no findings of fact or predicate for the order
“(4) The order is arbitrary, unreasonable and capricious
“(5) There was an improper lumping together of milk marketing areas without regard to individual area conditions.”
Section 501.04(9), Florida Statutes, F.S. A., authorizes the Commission to promulgate rules and regulations for hearings in keeping with the procedure authorized. Section 501.06, Florida Statutes, F.S.A., provides that the practice and procedure of the Commission with respect to any investigation by the Commission shall be in accordance with the rules and regulations to be promulgated by the Commission which shall provide for a reasonable notice, opportunity to be heard and introduce testimony. When the Commission has established a general rule or when the Commission has complied with the statute, it is. not essential that a hearing be held to support every order it promulgates. Milk Commission v. Dade County Dairies, 1941, 145 Fla. 579, 200 So. 83. Appellants in this case appear to have had reasonable notice and full opportunity to be heard so they have no ground to complain for lack of notice. A reading of the transcript of the hearing in this matter seems to have been ample and to have afforded appellants every opportunity that they could have expected, in view of which we find no basis for the contention that due process was lacking. The Chancellor so found and there was ample basis for his finding. What we said in Borden Company v. Odham, supports this contention.
Appellants’ fourth point is as follows :
“The order affects and regulates out of state milk and interstate commerce and expose appellants to revocation of their licenses and criminal liability unless they obey such regulations and also comply with F.S. § 501.13(8) regarding the prices paid for such out of state milk and the prices for which it is sold, all in violation of the Federal Commerce Clause and of the constitutional personal and property rights of the appellants.”
In this connection it is contended that Order No. 20-11 invokes the provisions of § 501.13(8), Florida Statutes, F.S.A. This contention ignores § 501.18 as follows:
“No provision of this chapter shall apply or be construed to apply to foreign or interstate commerce except in so far as the same may be effective pursuant to the United States Constitution and the laws of the United States enacted pursuant thereto.”
in view of which it is our view that the statute in question could be invoked only to the extent that the Constitution and laws of the United States permitted it to apply to interstate commerce. Bailey Farm Dairy Co. v. Anderson, 8 Cir., 1946, 157 F.2d 87, certiorari denied 329 U.S. 788, 67 S.Ct. 355, 91 L.Ed. 675. What we said in Borden Company v. Odham we think concludes this question. The Chancellor we also think disposed of it correctly in the last two pages of his final decree.
Affirmed.
TERRELL, HOBSON, ROBERTS and THORNAL, JJ., concur.
THOMAS, C. J., dissents.