### FOREMOST DAIRIES, et al v. MILK COMMISSION (No. 2).
No. 8887.

Circuit Court, Leon County.

August 13, 1960.

J. A. McClain, Jr., Tampa, and Harold B. Wahl and Chester Bedell, both of Jacksonville, for plaintiffs.

W. E. Arnow and Harry Duncan, both of Gainesville, for defendants.

BEN C. WILLIS, Circuit Judge.

This cause coming on to be heard, after due notice, the court having heard argument of counsel, and the court having fully considered the matter in the light of the mandate of the Supreme Court of Florida pursuant to the Supreme Court's opinion on rehearing in this cause filed June 22, 1960 [121 So. 2d 636] and the Supreme Court's opinion on rehearing in the case of the Borden Company, a corporation, et al v. J. Brailey Odham, as Chairman, et al, filed June 22, 1960 [121 So. 2d 625], now therefore, upon consideration, it is ordered and adjudged that —

While this court in this cause, and the Supreme Court in its original opinion, held that order no. 20-11 of the Florida Milk Commission was valid in requiring, as provided in order no. 20-7 of said commission, that once a producer has established "a base" with a distributor the relationship cannot be terminated by either party except upon a showing of "just cause" in addition to the giving of a 90 days' written notice as provided in F.S. 501.05, yet the Supreme Court, by its opinions on rehearing referred to above, has now held —

" . . . . that when the Milk Commission inserted in order no. 20-7 a requirement for showing of *cause* in addition to 90 days' notice in order to terminate a previously established course of dealing, it exceeded its authority under the enabling statute." [121 So. 2d 636].

In view of the holding of the Supreme Court on rehearing as set out above, and in obedience to the mandate of said court and seeking to carry out explicitly the commands of said court, the order of this court dated August 12, 1958, be and the same is hereby amended in the following particulars —

1. Insofar as said order is in conflict with or inconsistent with the opinion of the Supreme Court of Florida rendered in this cause (including any other opinions which are by reference to said opinion made a part thereof) the same is vacated and set aside; and

2. Insofar as the said order is not in conflict with said opinion, the same is reaffirmed and readopted.

It is therefore ordered and adjudged that certiorari be and the same is hereby granted and that order no. 20-11 of the Florida Milk Commission be and the same is hereby quashed insofar as it is in conflict with or unauthorized by F.S. 501.05 as such

law is construed by the Supreme Court of Florida in the opinion rendered in this cause.

It is further ordered and adjudged that in all other respects the said order no. 20-11 is upheld.